UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2016 FEB -2 AM 10: 00

Keith Drew

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

SEE ATTACHED

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

16CV0774

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

## I.     Parties in this complaint:

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name  Keith Drew
              ID #  349-15-08356 / 05797888N
              Current Institution  George R. Vierno Center
              Address  09-09 Hazen Street
                       East Elmhurst, New York, 11370

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name  City of New York     Shield #
                    Where Currently Employed
                    Address

*Rev. 05/2010*                                      1

# DEFENDANTS                          PAGE 1A

1) City of New York
2) Warden Augustus, G.R.V.C
3) Captain Jane Doe, Disciplinary Hearing
4) Captain Faulks - Shield #1304
5) Captain Vallejo
6) Captain Cumberbatch
7) Correction Officer Rudder-Shield #17509
8) Correction Officer Kinloch-Shield #13764
9) Correction Officer Jackson-Shield #9928
10) Correction Officer M-Wilder-Shield #2293
11) Correction Officer Foster-Shield #1876

## Parties in the Complaint          PAGE 2A

6-11) Captain Cumberbatch
Correction Officer Rudder #17509
Correction Officer Kinloch #13764
Correction Officer Jackson #9928
Correction Officer M-Wilder #2293
Correction Officer Foster #1876

### All these parties are employed at:

George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York
11370

Defendant No. 2
Name Warden Augustus
Shield #
Where Currently Employed George R. Vierno Center
Address 09-09 Hazen Street
East Elmhurst, N.Y, 11370

Defendant No. 3
Name Captain Jane Doe
Shield #
Where Currently Employed George R Vierno Center
Address 09-09 Hazen Street
East Elmhurst, N.Y. 11370

Defendant No. 4
Name Captain Faulks
Shield # 1304
Where Currently Employed George R Vierno Center
Address 09-09 Hazen Street
East Elmhurst, N.Y. 11370

Defendant No. 5
Name Captain Vallejo
Shield #
Where Currently Employed George R Vierno Center
Address 09-09 Hazen Street
East Elmhurst, N.Y. 11370

## II.   Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?

All these events occurred in the George R. Vierno Center on Riker's Island

B.   Where in the institution did the events giving rise to your claim(s) occur?

These events are institution and department wide

C.   What date and approximate time did the events giving rise to your claim(s) occur?

These events began at about 3,00 p.m. on December 1, 2015

D.    Facts:

What happened to you?

Who did what?

SEE ATTACHED

Was anyone else involved?

Who else saw what happened?

III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any you required and received.

Denial of medical attention arbitrarily with deliberate indifference to age and physical condition resulted in a fall down a flight of stairs that caused numerous injuries which included the head, back, and neck with treatments that are ongoing

IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes  ✓    No ____

3

Rev. 05/2010

STATEMENT OF CLAIM                                    PAGE 3A

On the basis of gender or the fact that Plaintiff is fifty-two years old defendants have established a pattern and policy of discrimination and conspiracy toward this middle-aged male that has adversely affected his current condition of confinement and has violated numerous constitutional rights guaranteed to him.

## Discrimination

1) Correc §138(1) states in pertinent part: All institutional rules and regulations defining and prohibiting inmate misconduct shall be published and posted in prominent locations within the institution, and subsection (2) states that all inmates shall be provided with written copies of these rules upon admission to the institution. (Correction Law § 138 is submitted herein as Exhibit 1) Tuesday December 1, 2015, Plaintiff Drew - hereinafter - The Plaintiff was subjected to a form of harassment at the whim of Correction Officer Rudder Shield #17509 that encompassed several female members of the Department of Correction -hereinafter- The Dept. and is contended herein to be discriminatory toward Plaintiff on the basis of his age or gender.

2) The rules and regulations of the Dept. are required for both sexes of the inmate population and should not interfere with any constitutionally protected liberty interests. The first day that Plaintiff participated in the newly developed correctional programming of Individualized Corrections Achievement Network or I-CAN, defendant Rudder reacted negatively to my choice of dress and attempted to coerce Plaintiff to remove his T-Shirt from inside of his underwear by commenting on his age and how it was not appropriate at that age to dress in this manner.

1 OF 6

## STATEMENT OF CLAIM

3) Plaintiff's manner of dress has been criticized by all female defendant(s) in this matter and Plaintiff contends that they initiated the following actions in an effort to punish me for insubordination. There are no rules posted to direct the manner in which a person chooses to dress and I contend that the unlawful direct order to take my T-shirt out of my underwear is a discriminatory action that is not designated for the female inmate population.

Assuming arguendo that it is not based on gender, the only other alternative, considering all the following misconduct, is that the order was age-biased.

### Conspiracy

4) Defendant(s) Rudder and Capt. Faulks #1304 falsely accused me of the charge of Threats to Staff in violation of rule 127.10 with the express desire to maliciously and sadistically cause the Plaintiff harm with punishment has the end result.

5) Disciplinary Hearing Captain Jane Doe and C.O. Kinloch #13764 conspired together to find me guilty of this charge without the benefit of a hearing to address this charge.

6) Capt. Faulks and Capt. Vallero denied the Plaintiff emergency medical treatment on 1/8/2016 that resulted in me falling down one flight of stairs and recieving numerous unnecessary injuries.

7) C.O. Wilder joined in this conspiracy by refusing to serve Plaintiff with a Disciplinary Disposition on 12/9/2015 which served to prevent me from appealing any adverse Disciplinary ruling

2 OF 6

## STATEMENT OF CLAIM

8) Defendant(s) Cumberbatch and Augustus were deliberate and indifferent to Plaintiff's complaints concerning these conspiratorial actions on December 7, 2015 as to Capt. Cumberbatch and December 20, 2015 as to Warden Augustus.

9) Warden Augustus offered Plaintiff no assistance nor did he take any action on Plaintiff's behalf which contributed to the emotional distress and mental anguish the Plaintiff was suffering.

10) Defendant Cumberbatch did not intervene on Plaintiff's behalf with C.O. Kinloch when my classification score was increased by 7 points by her using a conviction to 127.10 when in fact Plaintiff had never even been afforded a hearing to adjudicate charge 127.10 on December 7, 2015

11) These actions by defendant(s) demonstrate a reasonable pattern and policy of conduct that is knowingly, permitted, tolerated, and encouraged which has conspired to inflict subtle forms of punishment upon this Plaintiff that has served to unduly harshen his confinement conditions.

12) The transfer to high-classification introduced Plaintiff to a new round of mistreatment at the hands of defendant(s) Foster # 1876 and Jackson # 9928

13) January 6, 2016, I was put in jeopardy by the false accusation of being an "old pedophile" that was leveled at me by C.O. Foster # 1876. Another example of the long line of accusations that Plaintiff has been subjected to at the hands of female correction members.

3 OF 6

## STATEMENT OF CLAIM

14) January 8, 2016, defendant Jackson #9928 wrecked Plaintiff's cell and removed personal possessions that were authorized by the Dept. in front of numerous surveillance cameras in building 3 of the George R. Vierno Center all while Plaintiff was recieving medical attention in the Main ~~Fresha~~ Clinic.
~~An that of~~ Affirmation of the witnesses is submitted as EXHIBIT A.)

15) Plaintiff contends that it is a Matter of Law that cell searches be conducted in the presence of the inmate or in the interim the inmate is notified of those responsible for the search. Neither of these things happened during the incident of January 8, 2016

16) Defendant(s) Vallejo and Faulks #1304 were the 2 women who ordered defendant Jackson to carry out his rampage and they were the ones responsible for Plaintiff falling down the stairs after he had previously requested medical attention.

17) Defendant(s) Vallejo and Faulks threatened to lock-in the entire 3 building dormitory if I continued to demand medical attention and as a result I was threatened by the entire 3 building dormitory with physical harm.

18) Responding to these threats and going to the cell, Plaintiff fell down a flight of stairs and was then provided with emergency medical attention and escorted to the Main Clinic.

4 OF 6

## STATEMENT OF CLAIM

### Conclusion

(19) Plaintiff is suffering undue harm in High-Classification regarding Access to Court, Programming, and numerous other privileges and is seeking relief for defendant(s) discrimination conspiracy, and deliberate indifference acts.

20) Plaintiff is seeking declaratory relief as to the proper procedure for cell searches. In High-Classification Plaintiff has had the cell he is assigned to searched 3 separate times December 15 and 16 and January 8 without being present or being notified of those responsible for conducting the search. Also Plaintiff has lost clothes that were being washed when they were maliciously thrown in the garbage during searches. This action demonstrates a policy of the department of harassing the High-Classification Category by not addressing their laundry rights.

21) Plaintiff is seeking Injunctive Relief as to the proper procedure for Programming. Plaintiff has not been permitted to Program since December 1, when he recieved that threat to staff charge. Also in High-Classification, 3 building was lock-in from December 13 through December 18 which totaled 6 days yet the Plaintiff's 10 day punitive segregation total remained at 10 days. In essence Plaintiff did 6 days in punitive segregation from December 13 through 18 without recieving credit because it wasn't a punitive segregation unit.

5 of 6

## STATEMENT OF CLAIM

### Conclusion Continued

22) Plaintiff is seeking Punitive and Actual Damages regarding defendant(s) deliberate indifference to serious medical needs, their conspiratorial actions in the furtherence of their age or gender-biased discrimination, and their gender-biased threats to Plaintiff's safety.

23) C.O. Rudder #17509 conspired with Capt. Faulks #1304 C.O. Kinloch #18764 conspired with Capt. Jane Doe, Disciplinary Hearing Captain and C.O. M. Wilder #2293 to achieve the goal of 'Making my life a living hell' in the words of C.O. Kinloch on December 21, 2015.

24) Plaintiff was adjudicated guilty of the threat to staff charge 2 days before the actual hearing of the charge, and Capt. Cumberbatch took no action to prevent this injustice when he ordered the transfer on December 7, 2015 to High-Classification.

25) After being informed of all complaints this Plaintiff has with staff on December 20, 2015, defendant Augustus offered Plaintiff no assistance and offered no recommendation on how the situation could be rectified demonstrating a negligent outlook on the part of the Warden of G.R.V.C and is a contributing factor in the violation of Plaintiff's Constitutional Rights.

6 OF 6

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Confined in George R. VierNo Center
09-09 Hazen Street, East Elmhurst, M.Y. 11370

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes  ✓   No _____   Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes  ✓   No _____   Do Not Know _____

If YES, which claim(s)? Classification, Property Loss

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes  ✓   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? Grievance Coordinators Office

1.    Which claim(s) in this complaint did you grieve? The illegal change in classification category and illegal search and confiscation of property

2.    What was the result, if any? Classification is still unauthorized and property hasn't been returned

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. All appeals have been denied or ignored

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any: _____

_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

Denied the opportunity to appeal Disciplinary Disposition because I was never notified of the disposition in violation of Department of Correction procedure which led to the inference of a dismissal to all charges

**Note:**   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

All female defendant(s) that are found to have conspired against Plaintiff on the basis of age or gender have violated my rights and are hereby demanded to be liable for punitive and or actual damages in their individual and official capacities to the amounts determined at trial. Correction Officer Jackson #9928 has violated my 5th Amendment on numerous occasions and is a consistent threat to my physical and mental health and should be liable for punitive and compensatory damages in his individual and official capacities to the amounts of one hundred thousand dollars ($100,000) individually and severally

_____

VI.   **Previous lawsuits:**

| On these claims |

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No ✓____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ✓ No ____

On other claims

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____ SEE Attached _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____

## ON OTHER CLAIMS.

PAGE 6A

1) Parties:

1) Keith Drew, Plaintiff
   against
   City of New York et. al

2) Keith Drew, Plaintiff
   against
   Correction Officer Nelson,
   Dr. Green

2) Court:

1) United States District Court
   Southern District of New York

2) United State District Court
   Eastern District of New York

3) Docket Numbers:

1) 15 CIV 7073

2) 15 CIV 1530

4) Judges:

1) P. Kevin Castel

2) William F Kunst II

5) Date of Filing

1) Sept. 8, 2015

2) March 18, 2015

6) Case Pending:

1) Yes

2) Yes

7) Result:

1) Open for Discovery

2) Motion to Dismiss

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 19 day of January , 20 16

Signature of Plaintiff _Keith Drew_

Inmate Number _05797 888 N_

Institution Address _09-09 Hazen St_
_East Elmhurst_
_New York_
_11370_

**Note:**   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 19 day of January , 20 16, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Keith Drew_

EXHIBIT 1

## § 138.    Institutional rules and regulations for inmates at all correctional facilities

| History   |   References   |   Notes of Decisions   |

1. All institutional rules and regulations defining and prohibiting inmates misconduct shall be published and posted in prominent locations within the institution and set forth in both the English and Spanish language  [languages] * .

 * The bracketed word has been inserted by the Publisher.

2. All inmates shall be provided with written copies of these rules and regulations upon admission to the institution and all inmates presently incarcerated in a correctional facility shall be provided with written copies of these rules and regulations.

3. Facility rules shall be specific and precise giving all inmates actual notice of the conduct prohibited. Facility rules shall state the range of disciplinary sanctions which can be imposed for violation of each rule.

4. Inmates shall not be disciplined for making written or oral statements, demands, or requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution.

5. No inmate shall be disciplined except for a violation of a published and posted written rule or regulation, a copy of which has been provided the inmate.

6. All rules and regulations pertaining to inmates established by the department of1 *corrections and community supervision* and all rules and regulations pertaining to inmates established by any institutional staff at any state correctional facility shall be reviewed annually by the commissioner of the department of2 *corrections and community supervision* .

## HISTORY:

Add, L 1975, ch 231, § 1, eff Sept 1, 1975; amd, L 2011, ch 62, § 22 (Part C, Subpart A), eff March 31, 2011

EXHIBIT A

## STATEMENT OF FACT

On January 11, 2016, several inmates that had witnessed Correction Officer Jackson #9928 confiscate all of my personal property on January 8, 2016, donated different items of their own personal property for this plaintiff to wear. At this time, these inmates will declare under penalty of perjury pursuant to 28 U.S.C § 1746 that for all the aforementioned reasons stated they have provided plaintiff with clothing from their own personal possessions to assist him.

<u>Witnesses</u>

Eric Anderson  B251400440
SAXON    349-15-10982
James Heerman  349.10.01841

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Keith Drew,              v.      City of New York  et. al
         Plaintiff                          Defendant(s)

          AFFIDAVIT IN SUPPORT      CIVIL ACTION No.
                    of
          ORDER TO SHOW CAUSE          1 OF 4

    Keith Drew, being duly sworn according to the law
depose, and say that I am the plaintiff in the above entitled
proceeding and am personally familiar with the facts and
circumstances herein stated.
    Although I am personally familiar with all of the
facts and statements hereinafter stated to the best of my
knowledge, information, and belief I am a layperson in
matters of the law and seek this Court's indulgence for
errors, defects, and faults pursuant to Section 2101 (F)
of the Civil Practice Law and Rules.
    I, the Plaintiff, respectfully request the Court to Order
the Defendant(s) to Show Just Cause why the Administrative
Decisions and Policies created and enacted by the
Defendant(s) have unfairly and unduly suppressed and violated
Plaintiff's Civil and Due Process Rights or cease their
implementation immediately.
    As I outline in the following Statement and Legal
Argument the Department of Correction knowingly and will-
fully enacted these Administrative Decisions and Policies
without regard for the impact to the detainee population
and this plaintiff particularly or their consequences on the
Due Process and Civil Rights Laws.

# AFFIDAVIT IN SUPPORT

Accordingly, I pray for the relief that all Dept. Administrative Decisions and Policies challenged herein are vacated as violations of law and that I am returned to my original status prior to the enactment of said Administrative Decisions and Policies.

## STATEMENT OF FACT

1) Tuesday, December 1st 2015, the Plaintiff was falsely accused of threatening staff by Captain Faulks #1304 and Correction Officer Rudder #17509 with the express desire to cause him harm and punish him because he protested their unlawful direct order to remove his T-Shirt from being tucked inside of his underwear. As of this date, Plaintiff has not been allowed to attend the I-CAN program again.

2) Plaintiff was selected by Correctional Health Services to attend 2 different Programs during this incarceration. The first was in A.M.K.C and it was called A Road Not Taken (ARNT) and then in G.R.V.C the Individualized Corrections Achievement Network (I-CAN)(All copies of these selections are submitted as Exhibit 1)

3) I was removed from both of these programs because of false accusations of female staff members. In A.M.K.C, Plaintiff was accused of biting a correction officer and transferred to G.R.V.C and in G.R.V.C. I was accused of threatening to stab an officer Rudder simply because she told me to remove my T-Shirt from my underwear

AFFIDAVIT IN SUPPORT

STATEMENT OF FACT

4) This response apparently didn't seem too outlandish to
any of the ones responsible for investigating these charges.
In fact, Plaintiff was found guilty of the charge, and ordered
into High-Classification on December 7, two days before
I actually had a Disciplinary Hearing. It is apparent that
the verdict had already been established and the hearing was
only a formality.

5) The actions of M-Wilder Shield 2293 and C.O. Kinloch
Shield 13764 revealed to Plaintiff that his rights were
purposely being violated and at this time I'm seeking redress.

6) C.O. M-Wilder #2293 never notified this Plaintiff of
any result to the hearing including, but not limited to, a
Disciplinary Disposition which precluded any attempt to
appeal an adverse decision since it is unwritten policy
that no disposition indicates a dismissal of all charges
which is not an unreasonable assumption.

7) C.O. Kinloch #13764 in her arrogance began to brag
about her part in the conspiracy on December 21 and how
she was responsible for the present classification score.
The sheet with the score had no signature or other marks
identifying those responsible even though there are
vacant spots for those marks.

AFFIDAVIT IN SUPPORT

4 OF 4

Statement of Fact

8)   Warden Augustus was notified by this Plaintiff of all the numerous complaints against staff members on December 20, 2015, in the G.R.V.C Main Clinic and was asked to intervene, on my behalf by placing me back in low-class since. I never threatened to stab anyone, and by instructing his subordinates to put an end to any and all punishment that Plaintiff was experiencing up to that time.

Warden Augustus offered Plaintiff no assistance, and no recommendation on how the situation could be rectified which demonstrated a negligent outlook on his behalf and contributed to the suffering of the Plaintiff due to this conspiracy.

9)   No other application for the relief herein has been made to this or to any other court.

WHEREFORE, this Plaintiff respectfully prays that based on the above, and taking into consideration the facts and arguments herein, that an order be issued directing defendants to SHOW JUST CAUSE as to why the relief sought should not be granted pursuant to the aforesaid sections of the Civil Practice Law and Rules, or, in the alternative, an order be issued granting partial relief, or whatever relief the Court deems fit and appropriate to ensure the swift and proper administration of justice.

Yours

Sworn to before me this
__ Day of _____

RUTH MARCANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA5088838
Qualified in Nassau County
My Commission Expires December 01, 20__

Keith ____
Plaintiff

NOTARY PUBLIC / COMMISSIONER OF DEEDS

EXHIBIT 1



The Fortune Society
*BUILDING PEOPLE, NOT PRISONS*

29-76 Northern Blvd
Long Island City, NY 11101
tel. 212.691.7554
fax. 212.633.6845
www.fortunesociety.org

Date: 11/18/15

Dear: Mr. K. Drew,

On behalf of the I-CAN team, we would like to congratulate you for enrolling into The Fortune Society's I-CAN Program. We are sending you this letter to inform you that we are looking forward to working with you in order to help you achieve your goals and assist you with getting connected to services that will benefit you. We understand the difficulty you may be faced with by not being able to meet with the discharge planner that initially enrolled you for a follow up session. Therefore, The I-CAN community team is taking the liberty of reaching out to you to let you know we are here awaiting your release.

As a reminder, the services and programs available at The Fortune Society include housing assistance, Single Stop Benefits (including food stamp application), mental health, outpatient treatment services, employment services, Alternative to Incarceration (ATI), education, family services, group services, counseling services and College Initiative.

Whatever your goals consist of, the I-CAN team possesses the resources to ensure that you receive the assistance to make the necessary changes in your life. We are looking forward to seeing and working with you upon your release.

The I-CAN team is a team committed to supporting you now and through your transition back into society. We hope to hear from you soon. You can call me on my direct line (347) 510-3650 or call 212-691-7554 and ask to speak to me or an I-CAN case manager or you may correspond by mail to:

I-CAN
The Fortune Society
29-76 Northern Boulevard
Long Island City, 11101

Sincerely,
Mr. Rodriguez
I-CAN case manager
The Fortune Society

**Wilker, Dale**

| | |
|---|---|
| **From:** | CONSTITUENT SERVICES <constituentservices@doc.nyc.gov> |
| **Sent:** | Thursday, December 03, 2015 8:57 AM |
| **To:** | Wilker, Dale |
| **Subject:** | RE: TIME SENSITIVE:  DENIAL OF ATTENDANCE AT I-CAN SESSION IN PROGRESS:  Keith Drew  349-15-08356 GRVC 7A |

Mr. Wilker,

Kindly be advised that on Tuesday, December 1, 2015, during inmate Drew's I-CAN Program meeting, inmate Drew was disruptive and threatened to stab a staff member, therefore was not allowed to attend Wednesday's meeting.

Office of Constituent Services
NYC Department of Correction


**From:** Wilker, Dale [mailto:DWilker@legal-aid.org]
**Sent:** Wednesday, December 02, 2015 2:52 PM
**To:** CONSTITUENT SERVICES; Grossman, Heidi; Mello, Laura; Pinnock, Nadene
**Cc:** Chai Park (BOC); Martinez, Felix (BOC); King, Martha (BOC); Glover, Tonya (BOC)
**Subject:** TIME SENSITIVE: DENIAL OF ATTENDANCE AT I-CAN SESSION IN PROGRESS: Keith Drew 349-15-08356 GRVC 7A




THE
LEGAL
AID
SOCIETY

Mr. Drew says that at this moment CO Terry #8889 is preventing him from going to his I-CAN program meeting and that captains are not helping to get him there.  He says that the meeting is starting now.

Would you please intervene immediately with GRVC to get Mr. Drew to this I-CAN meeting, today and every day, without interference from CO Terry?

Would you please have DOC Central Office staff investigate Officer Terry's actions?

Thank you for your attention to this matter.  Would you please let us know the Department's findings and any actions taken to resolve this complaint?

*Dale A. Wilker*
Staff Attorney
The Legal Aid Society
Prisoners' Rights Project
199 Water Street, Room 3059
New York, New York 10038
tel: 212-577-3530 ext. 3943

1



# MEMORANDUM OF AGREEMENT
## (INMATE CONSENT FORM)

I, KEITH DREW, understand that I have been interviewed for admission to a *substance abuse program* administered through the Department of Mental Health's A Road Not Taken (ARNT). If I am selected for the program, I agree to:

- Abide by all Program and DOC Rules and Regulations.
- Follow the program schedule.
- Fully participate in all Individual and Curriculum group activities.
- Accept help from DOC/ARNT staff of this program.
- Understand that I will submit to drug testing upon request.
- Understand that if I enter this program through the general population and violate any of the rules and regulations of this program that I may be infracted and subject to disciplinary action.
- Understand that if I am accepted to the program I am agreeing to be transferred to an ARNT dorm (1, 2 or 4 Top) without Hesitation.

I understand that if I am admitted, I will be assigned a Chemical Addiction Substance Abuse Counselor (CASAC) staff person, who will work with me concerning my issues of addiction and if applicable work with Drug Court and Discharge Planning services on my behalf.

By signing this form, I am stating that all of the above information has been explained, that I have read and received the rules and regulations of this program, and that I fully understand the conditions of my admittance into the ARNT program.

Inmate's Signature _____  Date 8/20/15

Book & Case # 3491508356 Sentence#_____  NYSID# 05797888N

Housing Area 2 TOP  Date of Discharge __/__/__

Working Detail_____  Hours of Work_____

ARNT clinician's Signature, *Darrell Dudley*, CASAC IC&RC

Date 8/20/15  Screening Location, **AMKC**



# I-CAN

### Individualized Corrections Achievement Network

## Program Description

- I-CAN provides individuals in DOC custody with skill-building and discharge preparation services during incarceration and after release.
- As part of this program, DOC has contracted with two not-for-profit organizations – the **Fortune Society** and the **Osborne Association** – each of which has expertise in working with people involved in the criminal justice system, as well as a long history of working in NYC's jail facilities.
- The organizations offer job-placement and paid internships in the community upon release.

## Incentives

- Individuals who participate in all programming and follow rules receive a stipend of $17.60 per week and have access to vocational training
- Vocational training will include OSHA, Food Handlers, CPR, HAZMAT, Lead abatement, Air Pollution, and other.

## I-CAN offers services such as:

- Vocational training

- Anger management

- Parenting and relationship classes

- Anger management

- Obtaining Government ID and assistance with income support applications

- Housing (temporary or permanent)

- Job placement and paid internships

- Substance abuse treatment and referrals

DON'T MISS THE OPPORTUNITY!!

You are much too important to your family and community. When you take steps to improve your future, you can help your loved ones by ending the cycle of incarceration and separation.

I-CAN=OPPURTUNITY            I-CAN =FREEDOM
I-CAN=EDUCATION              I-CAN=SUCCESS
I-CAN=CHOICE                 I-CAN=YOU



th Drew
-15-08356
109 Hazen Street
t Elmhurst, N.Y.
11370

USDC, SDNY
Prose Intake Unit
500 Pearl Street
New York, New York,
10007